UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL KING, | Case No. 2:23-06444 TJH (ADS) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| WARDEN, United States Penitentiary, Victorville | |
| Respondent. | |

    Darrell King ("Petitioner") is an inmate at the United States Penitentiary in Victorville, California.  On August 8, 2023, Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") challenging the constitutionality of federal compassionate release law.  (Dkt. No. 1.)  Petitioner claims Congress violated his due process, equal protection, and Eighth Amendment rights by passing federal law that prohibits prisoners like Petitioner, who were convicted of crimes before November 1, 1987, from petitioning a district court for compassionate release under 18 U.S.C. § 3582(c).  (Id. at 6–7, 10.)  Petitioner claims he is a strong candidate for compassionate

release and requests an order releasing him from prison due to these alleged constitutional violations. (Id. at 7–8.)

The Petition does not state a cognizable claim for federal habeas relief. A federal court shall entertain an application for writ of habeas corpus if "[the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings are the proper mechanism for challenging the legality or duration of a prisoner's confinement, while a civil rights action is the proper method to challenge conditions of confinement. Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (internal citation omitted); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). When success on a petitioner's claim would not necessarily lead to a petitioner's immediate or earlier release from confinement, the claim does not fall within the core of habeas corpus, and the claim thus may not be brought in habeas corpus. Pinson v. Carvajal, 69 F.4th 1059, 1069–71 (9th Cir. 2023); Nettles, 830 F.3d at 934.

Petitioner is not entitled to federal habeas relief based on the claim he asserts. Petitioner is not challenging the legality or duration of his detention; his claim challenges the constitutionality of a federal law that prohibits him from seeking compassionate release from the district court on his own. In 2018, Congress passed the First Step Act, 132 Stat. 5194, which allowed federal inmates to seek compassionate release directly from the district court if the Bureau of Prisons ("BOP") denies or fails to timely act on an administrative request for such release. See 18 U.S.C. § 3582(c)(1). But section 3582(c)(1) "only applies to prisoners who offended on or after November 1, 1987." United States v. King, 24 F.4th 1226, 1229 (9th Cir. 2022) (citing Sentencing Act of 1987, Pub. L. No. 100-182 § 2(a), 101 Stat. 1266 (1987)). Inmates who

committed crimes before then—i.e., "pre-SRA inmates"—"can gain compassionate release only if the [BOP] requests it on the prisoner's behalf under 18 U.S.C. § 4205(g)." Id. at 1228.  In October 2020, "Congress kept § 4205(g) alive . . . to control compassionate release procedures for pre-SRA inmates through 2022." Id. at 1229 (citing United States Parole Commission Extension Act of 2020 (PCE Act), Pub. L. No. 116-519 § 4202, 134 Stat. 709, 741 (2020)).

Petitioner is a pre-SRA inmate.  The United States District Court for the Northern District of California sentenced him in 1982.  United States v. King, No. 3:81-cr-00311-RS-1, Northern District of California Docket ("N.D. Cal. Dkt.") No. 244 (N.D. Cal. Jul. 20, 2017).  Petitioner previously filed a motion for compassionate release, which the Northern District denied because federal law expressly prohibits him from seeking such relief.  (N.D. Cal. Dkt. No. 278 at 3–4) ("Congress has precluded King from bringing the motion in the first place. . . . No amount of argument in this forum . . . can disturb this state of affairs. . . . § 3582(c)(1)(A) remains off limits to elderly inmates in King's position.")  The Ninth Circuit affirmed.  See King, 24 F.4th at 1231 (concluding "the law is clear" that "Section 3582 only extends to prisoners who offended on or after November 1, 1987," and that Petitioner is subject to 18 U.S.C. § 4205(g), under which any request for compassionate release must be initiated by the BOP).  Petitioner subsequently filed the instant Petition.

But Petitioner's claim—that Congress prohibiting him from seeking compassionate release on his own violates his constitutional rights—is not cognizable for habeas relief.  (Dkt. No. 1 at 6–8, 10.)  Although he asks to be released from prison, success on Petitioner's claim would not necessarily lead to his immediate or earlier release.  Petitioner would still need to request compassionate release from the Northern

3

District of California, as only the original sentencing court can entertain such requests. See 18 U.S.C. § 3582(c)(1)(A); United States v. Rala, 954 F.3d 594, 595 (3d Cir. 2020); United States v. Richardson, 948 F.3d 733, 749 (6th Cir. 2020); United States v. Smith, 896 F.3d 466, 473 (D.C. Cir. 2018); Rodriguez-Aguirre v. Hudgins, 739 F. App'x 489, 491 n.2 (10th Cir. 2018); see also Bolden v. Ponce, No. 2:20-cv-03870-JFW-MAA, 2020 WL 2097751, at *2 & n.2 (C.D. Cal. 2020) (collecting cases). The Petition fails to state a cognizable claim for federal habeas relief.

IT IS THEREFORE ORDERED that this action be summarily dismissed as moot and pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: MARCH 1, 2024

*[signature: Terry J. Hatter, Jr.]*
THE HONORABLE TERRY J. HATTER, JR.
United States District Judge

Presented by:

     /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge